HEATHER E. WILLIAMS, #122664
Federal Defender
RACHELLE BARBOUR, #185395
Assistant Federal Defender
AMY SOMMERCAMP
Law Student Extern
OFFICE OF THE FEDERAL DEFENDER
801 I Street, 3rd Floor
Sacramento, CA 95814
Tel: 916-498-5700/Fax 916-498-5710
rachelle.barbour@fd.org
Attorney for Defendant
DAVID DAYAN

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 2:25-CR-0087-DJC |
| ) | |
| Plaintiff, ) | STIPULATION AND ORDER FOR EARLY |
| ) | TERMINATION OF SUPERVISED |
| v. ) | RELEASE |
| ) | |
| DAVID DAYAN, ) | |
| ) | Judge: Hon. Daniel J. Calabretta |
| Defendant. ) | |
| ) | |

Plaintiff United States of America, through Assistant United States Attorney Adrian Kinsella, and Defendant David Dayan, through Assistant Federal Defender Rachelle Barbour, hereby stipulate and request that the Court terminate Mr. Dayan's term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). The Probation Office, through Probation Officer Philip Mizutani, concurs with this request.

Mr. Dayan was originally sentenced in the Northern District of California to 60 months of imprisonment and a four-year term of supervised release. (N.D. Cal. CR-17-00372 MMC, Doc. 36). An additional 23-month term of supervised release was imposed by the Northern District of California in granting his unopposed compassionate release motion on January 7, 2021 and placing him on 23 months of home detention. (N.D. Cal. CR-17-00372 MMC, Doc. 48). Accordingly, Mr. Dayan received approximately a 6-year term of supervision.

Mr. Dayan released from BOP custody on January 21, 2021 and has served well over

four years of that term. On April 3, 2025, this Court accepted jurisdiction over Mr. Dayan's case (E.D. Cal., Doc. 1).

The parties agree that Mr. Dayan qualifies for early termination of his supervision under Title 18, section 3583(e)(1) of the United States Code, which authorizes the Court to terminate a defendant's term of supervised release at any time after the expiration of one year of supervision if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

Section 3583(e)(1) directs the Court to consider the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) when determining whether to terminate a term of supervised release.  In 2018, the Judicial Conference expanded its policy in support of early termination after 18 months of supervision:

> At 18 months, there is a presumption in favor of recommending early termination for persons who meet the following criteria:
>
> 1. The person does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. sec. 994(h)) or has not committed a sex offense or engaged in terrorism;
> 2. The person presents no identified risk of harm to the public or victims;
> 3. The person is free from any court-reported violations over a 12-month period;
> 4. The person demonstrates the ability to lawfully self-manage beyond the period of supervision;
> 5. The person is in substantial compliance with all conditions of supervision; and
> 6. The person engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

*Guide to Judiciary Policy*, Vol. 8E, Ch. 3 § 360.20(c), "Early Termination" (rev'd 2018).  After 18 months, even "higher risk persons" who have "demonstrated a reduction in risk (as demonstrated by a reduction in PCRA level/category) and who are in substantial compliance with the factors provided above must be considered for early termination."  Id., subd. (d) (emphasis added).

Mr. Dayan was a career offender at his sentencing, and thus qualifies as a "higher risk person" under the Judiciary Policy.  However, Probation Officer Mizutani has verified that Mr. Dayan meets the above criteria and does not believe Mr. Dayan presents any identifiable risk of

harm to the public.

      According to Officer Mizutani, Mr. Dayan's rehabilitation and reentry is extremely impressive given his past.  Mr. Dayan struggled with a methamphetamine addiction for the 18 years leading up to the present offense.  Ultimately, in August and September 2016, when he was 43 years old, Mr. Dayan sold methamphetamine to an undercover officer and was prosecuted federally.

      According to Officer Mizutani, during the time between his 2017 arrest and conviction, Mr. Dayan turned his life around.  He was released from custody and completed a residential drug rehabilitation program at New Bridge Foundation in May 2018.  He continued drug aftercare treatment and has remained sober ever since.  While on pretrial release, Mr. Dayan obtained a full-time job stocking groceries during the night shift.  He prioritized his family.  Based on his exemplary compliance on pretrial release, Mr. Dayan was permitted to self-surrender for his 60-month sentence on November 14, 2018.

      During the COVID pandemic, Mr. Dayan filed a motion for compassionate release that was unopposed by the Government.  This reduced his term of imprisonment to time served and placed him on a 23-month term of home incarceration and an additional 23-months of supervised release beginning in January 2021.  On December 21, 2022, Mr. Dayan completed his 23-month term of home incarceration, again with perfect compliance verified by Officer Mizutani.  Of the nearly 6-year term of supervision imposed by the Northern District of California, Mr. Dayan has served nearly 4 years.

      Termination of supervision would remove the constraints Mr. Dayan faces in commuting to the Northern District of California for his employment and family obligations. Mr. Dayan lives in Vallejo, in the Eastern District.  Since June 2023, Mr. Dayan has worked full-time as a front desk associate at a language school in San Francisco.  He was promoted to a supervisory position in January 2024 and has since worked six days per week. On his day off, Mr. Dayan cares for his 85-year-old mother who was injured in an accident in 2023.  She resides alone in San Francisco.  Mr. Dayan hopes to move to San Francisco to be closer to work and spend more

1   time caring for his mother.

2       Given Mr. Dayan's successful reentry into the community and compliance under

3   supervised release, and with the support of the Probation Office, the parties stipulate and request

4   that the Court order that his term of supervision be terminated under 18 U.S.C. § 3583(e)(1).  A

5   proposed order is set forth below for the Court's convenience.

6

7     Dated:  June 27, 2025

8                                      HEATHER WILLIAMS
                                   Federal Defender

9

10                                     */s/ R. Barbour*

11                                     RACHELLE BARBOUR
                                   Assistant Federal Defender

12                                     Attorney for DAVID DAYAN

13  Dated:  June 27, 2025            MICHELE BECKWITH
                                   Acting United States Attorney

14

15                                     */s/ Adrian T. Kinsella*
                                   ADRIAN KINSELLA

16                                     Assistant United States Attorney

17                                   ORDER

18      For the reasons set forth in the parties' stipulation, and with the support of the Probation

19  Office, the Court hereby orders that Mr. Dayan be discharged from Supervised Release under 18

20  U.S.C. § 3583(e)(1) and that the proceedings in the case be terminated.

21

22  Dated:  July 1, 2025             /s/ Daniel J. Calabretta

23                                     THE HONORABLE DANIEL J. CALABRETTA
                                   UNITED STATES DISTRICT JUDGE

24

25

26

27

28